# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

No. 11-40512

Lyle W. Cayce
Clerk

EWING CONSTRUCTION COMPANY, INCORPORATED,

Plaintiff - Appellant

v.

AMERISURE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

The original opinion in this case was filed on June 15, 2012.[1]  Because this Texas diversity law case involves important and determinative questions of Texas law as to which there is no controlling Texas Supreme Court precedent, the panel unanimously withdraws the previous opinion and substitutes the following certified questions to the Supreme Court of Texas.

---

[1] *Ewing Construction Co. v. Amerisure Ins. Co.,* 2012 U.S. App. Lexis 12154 (5th Cir. 2012).

No. 11-40512

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION ART. 5, § 3-C AND TEXAS RULE OF APPELLATE PROCEDURE 58.1.

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

### I. Style of the Case: Parties and Counsel

The style of the case is Ewing Construction Company, Incorporated, Plaintiff–Appellant v. Legacy of Amerisure Insurance Company, Defendant–Appellee, Case No. 11-40512, in the United States Court of Appeals for the Fifth Circuit, on appeal from the judgment of the United States District Court for the Southern District of Texas, Corpus Christi Division. Federal jurisdiction is based on diversity of citizenship.

The names of all the parties to the case, each of whom is represented by counsel, and the respective names, addresses and telephone numbers of their counsel, are as follows: Ewing Construction Company, Incorporated, plaintiff in the district court, appellant in this court, represented by Lee H. Shidlofsky of Shidlofsky Law Firm PLLC, 7200 North Mopac Expressway, Austin, Texas 78731, Tel. 512-685-1400; and Amerisure Insurance Company, defendant in the district court and appellee in this court, represented by R. Brent Cooper, Cooper & Scully, P.C., 900 Jackson Street, Dallas, Texas, 75202, Tel. 214-712-9500.

### II. Statement of the Case

In June 2008, Ewing Construction Company, Inc. ("Ewing") entered a contract with Tuloso-Midway Independent School District ("the School District"), in which Ewing agreed to construct tennis courts at a school in Corpus Christi,

No. 11-40512

Texas.[2]  Ewing subcontracted all or part of the work.  Soon after  the tennis

courts were completed, the School District complained that the courts were

cracking and flaking, rendering them unfit for playing tennis.  On February 25,

2010, the School District filed a petition ("the underlying lawsuit") in Texas state

court, seeking damages for defective construction, and naming Ewing, the

architect, and the structural engineer as defendants.[3]

Ewing tendered defense of the underlying lawsuit to Amerisure Insurance

Company ("Amerisure"), its insurer under a Commercial General Liability (CGL)

policy.  The CGL policy states that Amerisure must defend Ewing against any

suit seeking "damages because of 'bodily injury' or 'property damage'" if the

"'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place

---

[2] According to the underlying petition, Ewing was to build the tennis courts according to the plans of Architect LaMarr Womack, who had hired Jaster-Quintanilla to provide structural engineering plans and specifications.  Womack and Jaster-Quintanilla were also named defendants in the underlying suit.

[3] In the petition in the underlying lawsuit, the school district alleged that Ewing breached its contract and performed negligently, as follows:

On information and belief, Plaintiff says that Defendant Ewing and/or its subcontractors breached its contract in the following respects:
a) Failing to complete construction in accordance with the contract plans and specifications;
b) Failing to exercise ordinary care in the preparation, management and execution of construction;
c) Failing to perform in a good and workmanlike manner; and
d) Failing to properly retain and supervise subcontractors.
Furthermore, Defendant Ewing Construction and/or its subcontractors was/were guilty of negligence proximately causing damage to Plaintiff in the following respects:
a) Failing to properly prepare for and manage the construction;
b) Failing to properly retain and oversee subcontractors;
c) Failing to perform in a good and workmanlike manner; and
d) Failing to properly carry out the construction so that it was in completed in accordance with the plans and specifications.
The petition also stated that Ewing "breached [its] duty to Plaintiff to use ordinary care in the performance of [its] contract[], proximately causing damages to Plaintiff."

3

in the 'coverage territory.'" The CGL policy also contains a "contractual liability exclusion," which provides:

> **2. Exclusions**
> This insurance does not apply to:
>
>  . . .
>
> **b. Contractual Liability**
> 'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> > **(1)** That the insured would have in the absence of the contract or agreement . . . .

Amerisure denied coverage based on this exclusion.[4]

On July 29, 2010, Ewing filed the instant action against Amerisure in the District Court for the Southern District of Texas, contending Amerisure was obligated to defend it in the underlying lawsuit. Ewing's complaint seeks declaratory relief, contract damages, relief under the Texas Prompt Payment of Claims Statute, and attorney's fees. After Amerisure answered and counterclaimed, the parties filed cross-motions for summary judgment and a joint stipulation of facts to aid the consideration of these motions.

On April 28, 2011, the district court denied Ewing's motion, granted Amerisure's motion, and entered a final judgment dismissing the case. The court held that Amerisure owed no duty to defend or indemnify Ewing in the underlying lawsuit because the CGL policy's contractual liability exclusion excluded coverage, and no exception to that exclusion revived coverage. For the same reasons, the court held that Amerisure did not violate the Texas Prompt Payment of Claims Statute.

---

[4] Amerisure did not deny coverage under the your work exclusion here, because the petition alleged the defective work was performed by "Ewing and/or its subcontractors," triggering coverage under this exclusion's "subcontractor exception" for damage caused by the work of a subcontractor.

No. 11-40512

Ewing appealed. A divided panel of this court initially affirmed the district court's judgment holding that Amerisure had no duty to defend and vacated the district court's judgment with respect to the duty to indemnify and the Prompt Payment of Claims Act. *Ewing Construction Co. v. Amerisure Ins. Co.*, 2012 U.S. App. Lexis 12154 (5th Cir. 2012). Ewing petitioned for rehearing, and we withdrew that ruling to certify the following question to the Texas Supreme Court.

### III. Legal Issues

Ewing appeals the district court's conclusion that Amerisure owed no duty to defend or to indemnify it in the underlying lawsuit, because coverage was excluded under the CGL policy's contractual liability exclusion.

The first issue is the scope of the contractual liability exclusion, and whether that exclusion applies to exclude coverage for defense costs of the claims asserted by Ewing's principal against Ewing, particularly those sounding in contract for breach of expressed and implied warranties, including breach of the warranty of workmanlike service.

In 2007, on certification from this court, the Texas Supreme Court ruled in *Lamar Homes* that allegations of construction defects may constitute an "accident" or "occurrence" under a CGL policy. *Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3d 1, 4 (Tex. 2007). This rule was reiterated in *Pine Oak Builders, Inc. v. Great American Lloyds Insurance Company*, 279 S.W.3d 650, 652 654-55 (Tex. 2009) ("[A] claim of faulty workmanship against a homebuilder [is] a claim for property damage caused by an occurrence under a CGL policy.") (excluding coverage under the "'your work' exclusion.")

In 2010, the Texas Supreme Court handed down *Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010) ("*Gilbert*"). This case was the focus of the parties' briefing on this issue

and the principal authority relied on by the district court. Uncertainty about the application of *Gilbert* to the instant case ultimately triggered this certification.

In *Gilbert*, the Dallas Area Rapid Transit Authority (Dallas Transit) contracted with Gilbert, a construction company to construct a light rail system. *Id.* at 121-22. The contract required Gilbert to protect the area surrounding its work site, and included a promise by Gilbert to repair damage to the property of third parties.[5] *Id.* at 122. During construction, heavy rains caused flooding in a building near the work site, and the third party building owner sued the construction company under several theories. *Id.* Only one claim survived summary judgment: the third party owner's claim as a third party beneficiary of the Gilbert contract against Gilbert based on Gilbert's agreement to repair damage to property of third parties. Gilbert's primary insurer provided a defense to Gilbert and Gilbert ultimately settled the claim. Gilbert then sought indemnity from its excess insurer, and sued when the insurer denied coverage. *Id.* The Texas Supreme Court held that the excess insurer had not breached its insurance contract or violated Texas insurance law because the policy's contractual liability exclusion applied to exclude coverage. *Id.*

The correct application of this Texas precedent to the facts before us is unclear. On the one hand, the *Gilbert* court reasoned that the insured's legal obligation to the third-party building owner was based on its contract, and

---

[5] Specifically, Paragraph 10(b) of the DART/Gilbert contract provided the following:

> b. The Contractor shall protect from damage all existing improvements and utilities (1) at or near the work site and (2) on adjacent property of a third party . . . [and] repair any damage to those facilities, including those that are the property of a third party, resulting from failure to comply with the requirements of this contract or failure to exercise reasonable care in performing the work. If the Contractor fails or refuses to repair the damage promptly, [DART] may have the necessary work performed and charge the cost to the Contractor.

Gilbert, 327 S.W.3d at 122.

therefore the exclusion applied by its plain meaning. *Id*. at 126-27. The court expressly rejected a technical meaning given to the exclusion in other jurisdictions—that "assumption of liability" means only the assumption of liability of another, as in a hold-harmless indemnity agreement—insisting that in Texas the exclusion "means what it says. It applies when the insured assumes liability for . . . property damages by means of contract." *Id*. at 131-32.

The School District's complaint in the underlying lawsuit in this case alleges liability based on contract; it alleges that the insured, Ewing, assumed contractual liability arising from Ewing's express and implied promises to complete the contract in a good, workmanlike manner. Thus, if *Gilbert* should be read as holding that the exclusion applies if the insured's liability is predicated on express or implied warranties in a construction contract, the contractual liability exclusion excludes coverage for the claims in the instant case.

On the other hand, the liability of the contractor in *Gilbert* was not based on its express or implied obligation to perform its construction contract in a workmanlike manner. Rather, in Paragraph 10(b) the construction contract contained an express assumption of liability for damage to third party property; Gilbert promised to pay for or repair these damages, and if it failed to do so, the contract authorized DART to have the necessary work performed and charge the cost to Gilbert. The question in *Gilbert* was whether the obligation undertaken in this paragraph fell within the contractual liability exclusion. The insured argued that the exclusion did not apply because the exclusion only applied in the "limited situation in which the insured has assumed the liability <u>of another</u> such as in a hold harmless or indemnity agreement." *Id*. at 125 (emphasis in original). The *Gilbert* court rejected this argument and accepted the underwriter's argument that if the policy was designed to only exclude assumption of liability of third persons, it would have said so. The *Gilbert* court

concluded that the express obligation undertaken by Gilbert amounted to "an assumption of liability in a contract."

In Ewing's contract with the school district, there is no similar undertaking in excess of the undertaking common to all contracts, so if *Gilbert* requires such additional undertakings to trigger the contractual liability exclusion, the exclusion does not apply here. If the exclusion does apply, then the parties have also raised the question of whether an exception to the exclusion applies for "liability that would exist in the absence of contract." We conclude that this question, too, presents a disputed and important question of Texas law.

Finally, both sides argue that their interpretation of *Gilbert* better advances the goals of Texas insurance law and is more compatible with the structure of the CGL. As their arguments reveal, this case could have a significant impact on an important area of Texas insurance law and both parties have urged us to certify these questions to the Texas Supreme Court. Where state law governs an issue, such policy factors are better gauged by the state high court than by a federal court on an *Erie* guess.

## IV. Questions Certified

For the reasons discussed above, we hereby certify the following determinative questions of Texas law to the Supreme Court of Texas.

1. Does a general contractor that enters into a contract in which it agrees to perform its construction work in a good and workmanlike manner, without more specific provisions enlarging this obligation, "assume liability" for damages arising out of the contractor's defective work so as to trigger the Contractual Liability Exclusion.

8

No. 11-40512

2. If the answer to question one is "Yes" and the contractual liability exclusion is triggered, do the allegations in the underlying lawsuit alleging that the contractor violated its common law duty to perform the contract in a careful, workmanlike, and non-negligent manner fall within the exception to the contractual liability exclusion for "liability that would exist in the absence of contract."

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the questions certified.